# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2801
_____

Troy C. Smith

*Plaintiff - Appellant*

v.

City of St. Ann

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: May 7, 2014
Filed: August 12, 2014
[Unpublished]
_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Troy Smith appeals the district court's[1] adverse grant of summary judgment in this 42 U.S.C. § 1983 action against the City of St. Ann, Missouri (City). On appeal,

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Smith argues that he and his wife's multiple complaints to City employees and officials about Smith's injury, which was left untreated for seven days in City's jail, constituted sufficient evidence to hold City liable under section 1983. Smith also argues that he and his wife complained to the highest ranking City officials, and that these officials' inaction was sufficient to establish municipal liability.

Upon careful de novo review, we conclude that the district court did not err in granting summary judgment. See Scheeler v. City of St. Cloud, Minn., 402 F.3d 826, 830 (8th Cir. 2005) (de novo review). First, we agree with the district court that Smith's evidence did not sufficiently establish a City policy or custom that would subject City to section 1983 liability. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978) (local government body may be held liable under § 1983 only if alleged unconstitutional conduct implements official policy or custom); Johnson v. Douglas Cnty. Med. Dep't, 725 F.3d 828 (8th Cir. 2013) (to establish "custom" liability of local government entity under § 1983 for failure to provide medical care, plaintiff must demonstrate (1) existence of continuing, widespread, persistent pattern of unconstitutional misconduct by governmental entity's employees, (2) deliberate indifference to or tacit authorization of such conduct by governmental entity's policymaking officials after notice to officials of that misconduct, and (3) custom was moving force behind constitutional violation). Second, we conclude that Smith produced insufficient evidence to raise a triable issue as to whether a final policymaker's actions subjected City to section 1983 liability. See Russell v. Hennepin Cnty., 420 F.3d 841, 846 (8th Cir. 2005) (municipal officials who have final policymaking authority may, by their actions, subject government to § 1983 liability); see also Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 885 (8th Cir. 2009) (nonmoving party may not rely on inadmissible hearsay to avoid summary judgment).

Accordingly, we affirm. See 8th Cir. R. 47B.

———————————————